**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricardo SANDOVAL–MENDOZA, Defendant–Appellant.**

No. 04–10117.

United States Court of Appeals, Ninth Circuit.

Argued April 12, 2005.

Submitted Aug. 3, 2005.

Filed Dec. 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Erika R. Frick, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Warrington S. Parker, III, Esq., Renato Mariotti, Esq., Heller Ehrman LLP, San Francisco, CA, for Defendant–Appellant.

**626**

Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Ricardo Sandoval–Mendoza appeals his convictions for conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute. He claims the district court abused its discretion in admitting out-of-court statements, denying his motion for severance, and denying his motion for a new trial. He also claims the government presented insufficient evidence to support either conviction. We affirm.

■ The district court properly admitted Eduardo Sandoval–Mendoza's out-of-court statements. A co-conspirator's out-of-court statements are admissible if corroborated by additional evidence establishing by a preponderance of the evidence the defendant was aware of the conspiracy.[1] Ricardo Sandoval–Mendoza's knowledge of the conspiracy was corroborated by physical evidence, the eyewitness testimony of a confidential informant, and his own admissions. Because sufficient additional evidence established Ricardo Sandoval–Mendoza was aware of the conspiracy, the district court did not abuse its discretion in admitting Eduardo Sandoval–Mendoza's statements.

■ The district court was within its discretion in denying Ricardo Sandoval–Mendoza's motion for a severance. A trial court must sever a trial only if joinder is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy."[2] In evaluating the prejudicial effect of joinder, a trial court must consider the following factors, among others: "(1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether [the defendant can] show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[3] The trial court considered these factors and reasonably concluded severance was unnecessary.

■ The district court properly denied Ricardo Sandoval–Mendoza's motion for a new trial based on juror misconduct. A district court confronted with a colorable claim of juror misconduct "must undertake an investigation of the relevant facts and circumstances.... So long as the fact-finding process is objective and reasonably explores the issues presented, the state trial judge's findings based on that investigation are entitled to a presumption of correctness."[4] The district court reason-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Castaneda,* 16 F.3d 1504, 1507 (9th Cir.1994). *See also* Fed.R.Evid. 801(d)(2)(E) ("A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.").

2. *United States v. Doe,* 655 F.2d 920, 926 (9th Cir.1980).

3. *United States v. Fernandez,* 388 F.3d 1199, 1241 (9th Cir.2004) (citation omitted).

4. *Dyer v. Calderon,* 151 F.3d 970, 974–75 (9th Cir.1998) (en banc).

ably explored Ricardo Sandoval–Mendoza's claims of juror misconduct and reasonably concluded that a new trial was not necessary.

■ The district court properly concluded the government presented sufficient evidence to support Ricardo Sandoval–Mendoza's convictions for conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute. Sufficient evidence to support a conviction exists when, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5] The physical evidence, eyewitness testimony, admissions against interest, and wiretap recordings were sufficient to support Ricardo Sandoval–Mendoza's convictions.

We **AFFIRM**, but grant a limited **REMAND** to allow the district court to determine whether it would have imposed a different sentence if it had viewed the Sentencing Guidelines as advisory.[6]

---

5. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir.2000).

6. *See United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

